**\*NOT FOR PUBLICATION\***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| IRONE WATFORD, | : | |
| | : | Civil Action No. 15-4814 (MAS) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| NEW JERSEY STATE PRISON, et al., | : | |
| | : | |
| Defendants. | : | |

**SHIPP, District Judge:**

*Pro se* Plaintiff Irone Watford ("Plaintiff") brings this action *in forma pauperis* pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). For the reasons stated below, the Court dismisses the Complaint for failure to state a claim upon which relief can be granted.

### I.  FACTUAL BACKGROUND

For the purposes of this Opinion, the Court construes all facts alleged in the Complaint as true, and in the light most favorable to Plaintiff. In the Complaint, Plaintiff makes only one claim for relief. As stated in his own words, Plaintiff alleges:

> [M]ailroom Supervisor Sgt. D. Smith failed to conduct proper investigation [and/or] search for the missing documents and is directly responsible for any tampering with outgoing mail, [and/or] the opening of legal mail which violates U.S. Code Title 18 Sec. 1702.

(Compl. 5, ECF No. 1.)  Plaintiff does not specify which documents were missing.  Attached to

the Complaint are various exhibits that Plaintiff filed with the prison and the postal service,

including a Parcel Search Request, (*id.* at 6), receipts from the mailroom for outgoing mail, (*id.* at

8), and various inmate inquiry and grievance forms complaining about lost mail, (*id.* at 9-21).

Plaintiff makes no other factual allegations in support of his claim.

## II.     STANDARD OF REVIEW

Every complaint must comply with the pleading requirements of the Federal Rules of Civil

Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim

showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need

only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint . . . does not need detailed factual allegations, a plaintiff's
> obligation to provide the "grounds" of his "entitle[ment] to relief" requires more
> than labels and conclusions, and a formulaic recitation of the elements of a cause
> of action will not do . . . .  Factual allegations must be enough to raise a right to
> relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to accept

its factual allegations as true, *see James v. City of Wilkes–Barre*, 700 F.3d 675, 679 (3d Cir. 2012),

and to construe it liberally in favor of the plaintiff.  *See Haines v. Kerner*, 404 U.S. 519, 520–21

(1972); *U.S. v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).  In general, where a complaint subject to

statutory screening can be remedied by amendment, a district court should not dismiss the

complaint with prejudice, but should permit the amendment.  *Denton v. Hernandez*, 504 U.S. 25,

34 (1992); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (noting that leave

to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment").

## III.   DISCUSSION

A plaintiff can pursue a cause of action under § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must establish, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-1 (1999); *Morrow v. Balaski*, 719 F.3d 160, 166-7 (3d Cir. 2013).

Here, Plaintiff's attempt to raise a claim under 18 U.S.C. § 1702 is not cognizable under § 1983. "It is clear that [§ 1702] is a criminal section designed to serve as authority for action by a United States Attorney and does not give rise to a cause of action for personal injuries." *U.S. ex rel. Pope v. Hendricks*, 326 F. Supp. 699, 701 (E.D. Pa. 1971); *see Buza v. Cal. Dep't of Corr. & Rehab.*, No. 10-04604, 2010 WL 4774410, at *1 (N.D. Cal. Nov. 16, 2010); *Montague v. Corr. Corp. of Am.*, No. 10-0443, 2010 WL 3853361, at *2 (M.D. Tenn. Sept. 30, 2010).

The Court is mindful that Plaintiff may be attempting to state a denial of access to the courts claim, asserting that Defendants tampered with his legal mail in order to hinder his access. Inmates have a right of access to the courts. *See Schreane v. Holt*, 482 F. App'x 674, 676 (3d Cir. 2012) (citing *Lewis v. Casey*, 518 U.S. 343 (1996)). That right includes the right to adequate

3

access to law libraries for the purposes of preparing and filing meaningful legal papers. *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Mitchell v. Wydra*, 377 F. App'x 143, 145 (3d Cir. 2010) (citing *Bounds*, 430 U.S. at 828). In order to establish that Plaintiff's right to access had been violated, Plaintiff must demonstrate that: "(1) he suffered an 'actual injury' (*i.e.*, that he lost an opportunity to pursue a nonfrivolous claim); and (2) he has no other remedy . . . that can possibly compensate for the lost claim." *Schreane*, 482 F. App'x at 676 (citing *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008)).

Here, the Court acknowledges that the exhibits submitted by Plaintiff do plausibly show that at least some of Plaintiff's mail may have been lost. However, that is insufficient to state a denial of access to the courts claim. "[I]n order to press a claim for interference with the right to court access, a prisoner plaintiff must allege that he or she has been actually injured in his or her access to the courts, *i.e.*, that he or she has been hindered in an effort to pursue a nonfrivolous legal claim." *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006). Plaintiff does not identify or describe the documents that allegedly went missing, to what legal proceedings those documents were related, or how the alleged tampering hindered his access to the courts. Indeed, the Complaint makes no mention of any ongoing legal proceedings at all. So, even construing the Complaint liberally, the Court cannot identify a cognizable denial of access to the courts claim. This does not satisfy the Rule 8 requirements for pleadings.

To the extent that Plaintiff is asserting any claim against institutional defendants based on a theory of supervisory or municipal liability or otherwise, those claims necessarily fail, because the Court does not find any underlying direct constitutional violation.[1] *Grazier ex rel. White v.*

---

[1]   In amending the Complaint, should Plaintiff choose to do so, Plaintiff should be mindful that he must provide sufficient factual allegations to establish that *each* Defendant was personally involved in the alleged constitutional violations; there are no *respondeat superior* claims in § 1983

*City of Phila.*, 328 F.3d 120, 124 (3d Cir. 2003) (holding that when there are no underlying constitutional violations found, it precludes supervisory and policy-making liability); *Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 238 n.15 (3d Cir. 2013) ("It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim."); *Arneault v. O'Toole*, 864 F. Supp. 2d 361, 406 (W.D. Pa. 2012) ("Because [plaintiffs have not] pled an actionable due process violation, however, there can be no viable claim for policy-making liability as against [supervisors]."). Accordingly, the Court dismisses the Complaint for failure to state a claim upon which relief can be granted.

## IV.    CONCLUSION

For the reasons set forth above, the Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall have 30 days from the date of entry of the accompany Order to amend the Complaint.[2] In light of the dismissal, Plaintiff's Pro Bono Counsel Application, (ECF No. 1-2), is **DISMISSED** as moot.

Michael A. Shipp, U.S.D.J.

Dated: 4/7/16

---

actions. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates[.]").

[2] The Court notes that some of the grievance forms submitted by Plaintiff along with the Complaint are difficult, if not impossible, to read. (*See*, *e.g.*, Compl. 10, 12.) Plaintiff may consider submitting copies made with higher contrast along with the Amended Complaint.